# In the United States Court of Federal Claims

No. 15-189C
(Filed: March 23, 2016)

```
*************************************
EXCELSIOR AMBULANCE SERVICE,    *
INC.,                           *
                                *
            Plaintiff,          *
                                *   RCFC 24; Postjudgment Motion for Leave
v.                              *   to Intervene; Timeliness; Bid Protest
                                *
THE UNITED STATES,              *
                                *
            Defendant.          *
*************************************
```

James E. Krause, Jacksonville, FL, for plaintiff.

Devin A. Wolak, United States Department of Justice, Washington, DC, for defendant.

Joseph A. Whitcomb, Denver, CO, for putative intervenor.

## OPINION AND ORDER

**SWEENEY**, Judge

      Plaintiff Excelsior Ambulance Service, Inc. ("Excelsior") successfully protested the award of a contract by the United States Department of Veterans Affairs ("VA") to LMC Med Transportation, LLC ("LMC"). LMC now moves for leave to intervene in this protest for the purpose of appealing the merits of this court's decision in Excelsior's favor. For the reasons set forth below, the court denies LMC's motion.

### I. BACKGROUND

      On February 27, 2015, the VA awarded a contract to LMC to provide ambulance services for William Jennings Bryan Dorn VA Medical Center in Columbia, South Carolina.[1] That same date, Excelsior, an unsuccessful offeror, protested the VA's decision in this court. In its complaint, which was not filed under seal, Excelsior set forth three claims for relief. First, it

---

[1] The court derives this background from its December 4, 2015 Opinion and Order, Excelsior's February 27, 2015 complaint, and the exhibits offered by LMC in support of its motion to intervene.

alleged that the VA improperly awarded the contract to LMC even though LMC did not possess the required licenses. Second, it alleged that the VA awarded the contract to LMC despite knowing that LMC was violating regulations regarding limits on subcontracting. And third, it alleged that the VA awarded the contract to LMC despite knowing that LMC was violating the applicable federal wage determination.

The contracting officer for the procurement notified LMC that Excelsior had protested the award decision in the United States Court of Federal Claims ("Court of Federal Claims"). In a February 27, 2015 letter to the contracting officer, LMC's Chief Operating Officer, Tracy L. Beasley, wrote:

> It is our understanding that Excelsior's protest is solely based on pricing.
> . . .
>
> . . . .
>
> After much consideration of the information we have concerning the basis for this protest, LMC does not anticipate hiring an attorney at this point to intervene in this process, but we would like to self-intervene and be kept abreast of the challenges Excelsior presents and the VA's defense of various challenges. LMC would also like to present evidence of our understanding of the pricing of this solicitation if required or needed during this process.[2]

As Mr. Beasley represented to the contracting officer, LMC did not move for leave to intervene in Excelsior's protest, but rather opted to "self-intervene."

Defendant filed a notice with the court on March 20, 2015, indicating that the VA intended to take corrective action. The court stayed proceedings, and on August 31, 2015, the parties informed the court that upon taking corrective action, the VA confirmed the contract award to LMC.

On September 18, 2015, Excelsior filed an amended complaint in which it challenged the VA's corrective action. LMC had retained an attorney the prior week, on September 11, 2015, but did not move for leave to intervene in the protest. Proceedings continued without LMC's participation. Excelsior and defendant cross-moved for judgment on the administrative record, and the court heard argument on November 10, 2015.

In a December 4, 2015 Opinion and Order, filed under seal, the court held that the VA's award of the contract to LMC was improper because LMC did not provide a business license

---

[2] In an affidavit attached to LMC's motion to intervene, Mr. Beasley explained that LMC intended, with this paragraph, to inform the VA that it "wanted to intervene pro-se in the underlying protest by way of providing evidence."

with its proposal, as required by the solicitation.  It further held that the VA improperly permitted LMC to rewrite its proposal during the corrective action.  The court therefore granted plaintiff's motion for judgment on the administrative record, enjoined the VA from awarding the contract to LMC, vacated the contract award to LMC, and remanded the matter to the VA to take action consistent with its decision.  Judgment was entered on December 7, 2015, and the court released a public version of its Opinion and Order on December 15, 2015.

Defendant advised LMC on January 4, 2016, that the VA had decided not to appeal the court's December 4, 2015 Opinion and Order.  Thereafter, on January 22, 2016, LMC moved for leave to intervene in this protest pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC") for the purpose of pursuing an appeal.  Excelsior and defendant both oppose LMC's motion.

## II.  DISCUSSION

### A.  RCFC 24 and the Timeliness Requirement

LMC moves for leave to intervene as a matter of right pursuant to RCFC 24(a)(2), which provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In the alternative, LMC seeks to intervene permissively pursuant to RCFC 24(b)(1), which provides:  "On timely motion, the court may permit anyone to intervene who:  (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."

Excelsior and defendant argue that LMC's postjudgment motion fails to meet the threshold timeliness requirement described in both subsections of RCFC 24.  In considering whether LMC's motion is timely, the court examines:  (1) the length of time a putative intervenor knew or should have known of its right to intervene prior to filing its motion; (2) whether the prejudice to the rights of the existing litigants, if intervention is granted, is outweighed by the prejudice a putative intervenor would suffer if intervention is denied; and (3) the existence of unusual circumstances that weigh in favor of or against the granting of the motion.  Belton Indus., Inc. v. United States, 6 F.3d 756, 762 (Fed. Cir. 1993); Sumitomo Metal Indus., Ltd. v. Babcock & Wilcox Co., 669 F.2d 703, 707 (C.C.P.A. 1982).  "Timeliness is to be determined from all the circumstances," and is an issue committed to the court's discretion.  NAACP v. New York, 413 U.S. 345, 366 (1973).

## B. LMC's Motion for Leave to Intervene Is Not Timely

With respect to the first factor, LMC concedes that it knew of its right to intervene in this protest on February 27, 2015, when Excelsior filed its complaint. LMC argues, however, that it chose not to intervene at that time because it was misinformed by the contracting officer regarding the nature of Excelsior's protest. Specifically, LMC contends that the contracting officer only indicated that the protest concerned pricing, and that had the contracting officer accurately described all of the grounds for Excelsior's protest, LMC would likely have retained an attorney and pursued intervention.

LMC's reliance on the information it purportedly received from the contracting officer is misplaced. Contracting officers are not required by statute or regulation to advise successful offerors of the grounds of a protest lodged at the Court of Federal Claims.[3] Consequently, it is a successful offeror's responsibility to ascertain the basis of a protest filed in this court.

LMC also argues that it could not have known the basis of Excelsior's protest until the court released a public version of its Opinion and Order on December 15, 2015. LMC ignores the fact that Excelsior's complaint was publicly available, via PACER,[4] on the date that it was filed. Accordingly, plaintiff should have known of its right to intervene in this protest on February 27, 2015, eleven months before it filed its motion for leave to intervene. The length of this delay, coupled with the fact that LMC did not file its motion until after the entry of judgment, weighs against allowing LMC to intervene in this protest.

With respect to the second factor, LMC contends that it would be prejudiced if it was not permitted to intervene in this protest because it would be prevented from appealing a judgment by which it was actually aggrieved. LMC further contends that neither Excelsior nor defendant would be prejudiced by its intervention because its intent is to intervene only for the purpose of pursuing an appeal. LMC's contentions are not persuasive.

In support of its first contention, LMC relies on the decision in City of Cleveland v. Ohio, 508 F.3d 827 (6th Cir. 2007). In that case, the plaintiff was attempting to appeal a judgment in

---

[3] In contrast, if an unsuccessful offeror lodges a protest with the United States Government Accountability Office, the procuring agency is required to notify the successful offeror of the protest and furnish copies of the protest submissions to the successful offeror. See Federal Acquisition Regulation 33.104(a)(2).

[4] PACER is an acronym for Public Access to Court Electronic Records, which "is an electronic public access service that allows users to obtain case and docket information online from federal appellate, district, and bankruptcy courts, and the PACER Case Locator." See Administrative Office of the United States Courts, Public Access to Court Electronic Records, https://www.pacer.gov (last visited Feb. 19, 2016).

favor of the third-party defendant despite the district court's having denied the plaintiff's motion to intervene against the third-party defendant. Id. at 836. The appellate court held:

> [A] party to an action in a district court has standing to appeal a judgment or order by which it is actually aggrieved even though that litigant was not a party to the claim addressed by the judgment or order, despite the denial of a motion to intervene in the [claim], as long as the appellant was treated as a de facto party to that claim in the lower court.

Id. at 837 (first emphasis added). This holding has no application in this protest as LMC was not a party to the action in this court.

LMC's second contention fares no better. Excelsior and defendant expended significant time and resources prosecuting the bid protest and litigation has concluded. If LMC were permitted to intervene at this stage and bring an appeal, Excelsior and defendant would expend additional time and resources to litigate issues that were, or should have been, raised while the protest was pending before the court. This waste of additional time and resources is prejudicial to Excelsior and defendant, and outweighs any prejudice to LMC.

Finally, with respect to the third factor, LMC does not describe any unusual circumstances that weigh in favor of granting its motion.

### III.  CONCLUSION

It is apparent that LMC deliberately decided not to intervene in this protest and chose instead to "self-intervene." As a result, it assumed the risk that defendant might not adequately represent its interests. LMC realized that it made the wrong decision when it read the court's December 4, 2015 Opinion and Order, and is now, after judgment has issued, attempting to avoid the consequences of that decision. However, as explained above, none of the factors that the court must consider with respect to the timeliness of LMC's motion weighs in favor of allowing LMC to intervene. Consequently, after considering all of the relevant circumstances, the court **DENIES** LMC's motion for leave to intervene as untimely.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge
